[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 00-2559

UNITED STATES,

Appellee,

v.

ANTONIO CORTES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

Raymond E. Gillespie on brief for appellant.
Michael J. Sullivan, United States Attorney, and Michael D. Ricciuti, Assistant U.S. Attorney, on Motion for Summary Disposition for appellee.

JANUARY 28, 2002

**Per Curiam**.  The government has asked for summary disposition of this appeal pursuant to Local Rule 27(c).  The government has shown that Antonio Cortes's claim of sentencing factor manipulation, the only issue he raises on appeal, is without merit.  "[Se]ntencing factor manipulation is a claim only for the extreme and unusual case."  United States v. Montoya, 62 F.3d 1, 4 (1st Cir.1995).  A defendant cannot make out a case of undue provocation simply by showing that the idea originated with the government or that the conduct was encouraged by it, or that the crime was prolonged beyond the first criminal act, or exceeded in degree or kind what the defendant had done before.  Id. at 3-4. "What the defendant needs in order to require a reduction are elements like these carried *to such a degree* that the government's conduct must be viewed as `extraordinary misconduct.'"  Id. at 4.   Cortes fails to meet the heavy burden necessary to prevail on an assertion of sentencing factor manipulation.  The scope of the transaction, 150 kilograms of cocaine, never changed during the course of negotiations between the coconspirators and the undercover agents.  Nor did the price of $16,000 per kilogram, $3,000 per kilogram payable on delivery, deviate at any time during the negotiations.  The only element that changed was the method of

the down payment upon delivery, from cash to the promissory note on a store Cortes purported to own.  Because Cortes fails to make a showing of a "extraordinary misconduct," his sentencing factor manipulation claim fails.

The government's motion for summary disposition is therefore GRANTED, and the district court's judgment is AFFIRMED.